# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2011V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DORIS AMES, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: July 8, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Douglas L. Burdette*, Burdette Law, LLC, North Bend, WA, for Petitioner.

*James V. Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On October 13, 2021, Doris Ames filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she developed polymyalgia rheumatica ("PMR") as a result of an influenza ("flu") vaccine she received on September 26, 2019. Petition (ECF No. 1). On December 11, 2023, Petitioner filed a Stipulation of Dismissal, and on December 12, 2023, I issued an Order Concluding Proceedings pursuant to Vaccine Rule 21(a)(3). Order, dated Dec. 12, 2023 (ECF No. 35).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 4, 2024 (ECF No. 37) ("Mot."). Petitioner requests a total of $20,460.74, reflecting

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

$16,871.35 in fees incurred for the services of two attorneys (D. Lee Burdette and Kelly D. Burdette) plus paralegals, and $3,589.39 in costs. Mot. at 2. Respondent reacted to the fees request on June 4, 2024. Response, dated June 4, 2024 (ECF No. 38) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of $20,460.74.

## ANALYSIS

### I.  Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner in this case requested dismissal after the filing of Respondent's Rule 4(c) Report. Although Petitioner's claim was ultimately unsuccessful, I find it possessed some objective evidence in the record supporting Petitioner's contention that she experienced PMR, and that could be construed in favor of vaccine causation. Thus, in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible (although given the Program's consistent rejection of theories involving PMR as the injury, counsel is admonished to avoid this kind of claim in the future, or risk a total denial of fees). And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|
| **D. Lee Burdette (Attorney)** | $400.00 | $400.00 | $425.00 | -- |
| **Kelly D. Burdette (Attorney)** | $275.00 | $275.00 | $275.00 | $275.00 |
| **Paralegal** | $132.00 | $132.00 | $132.00 | -- |

ECF No. 37-1 at 1–7.

D. Lee Burdette and Kelly Burdette practice in North Bend, Washington, a part of the Greater Seattle area, and a jurisdiction that has also been considered "in forum." Accordingly, they are entitled to the rates established in *McCulloch*, and thereafter embraced by the Office of Special Masters' fee schedule. *See Ochoa v. Sec'y of Health & Hum. Servs.*, No. 16-627V, 2017 WL 6350600 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). The specific hourly rates requested for the attorneys in question, plus their paralegal, are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule. [5] *McDaniel v. Sec'y of Health & Hum. Servs.*, No. 17-1322V, slip op. at 3 (Fed. Cl. Spec. Mstr. May 24, 2024). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter to be reasonable, and I will therefore award all fees requested without adjustment.

## III.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited July 8, 2024).

Petitioner seeks $3,589.39 in outstanding costs, including the filing fee, medical record retrieval costs, plus costs associated with the work of single expert, Eric C. Mueller, M.D., who prepared one written report. Mot. at 2; ECF No. 37-1 at 7. The submitted invoice for attorney time billed to the matter, however, does not provide a breakdown of the number of hours worked and at what hourly rate, but instead simply provides a flat rate of $750.00 for "Expert witness fee" made payable to Arthritis Northwest. ECF Nos. 37-1 at 7–8, 37-2 at 6. Even though Petitioner did not substantiate the requested expert expenses via provision of a detailed invoice that would assist me in ascertaining the reasonableness, the amount in total is modest. Thus, all requested litigation-related costs in this matter shall be awarded in full without reduction (although counsel risks denial of this category of costs in the future if a proper invoice for expert time is not submitted).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$20,460.74**, reflecting $16,871.35 in attorney's fees and $3,589.39 in costs, in the form of a check made jointly payable to Petitioner and Petitioner's counsel of record, D. Lee Burdette of Burdette Law, LLC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.